Ronald V. RASCHIO and Donna F. Raschio, husband and wife, Plaintiffs-Appellants,

v.

James N. SINCLAIR et al., Defendants-Appellees.

No. 72-1002.

United States Court of Appeals, Ninth Circuit.

Nov. 2, 1973.

Rehearing Denied Dec. 17, 1973.

William B. Murray (argued), Ben T. Gray, Portland, Or., for plaintiffs-appellants.

R. Alan Wight (argued), Norman J. Wiener, Clifford N. Carlsen, Jr., Miller, Anderson, Nash, Yerke & Wiener, Portland, Or., for defendants-appellees.

Before MERRILL and TRASK, Circuit Judges, and McGOVERN, District Judge.[*]

McGOVERN, District Judge:

Appellants' Raschio appeal from a District Court Order granting a Summary Judgment in favor of Hughbanks, Inc. and E. M. Adams and Company and denying a Summary Judgment in favor of appellants. They also ask this Court to declare this case a Class Action for purposes of further proceedings upon remand to the District Court.

The Raschio Complaint is a Civil Action for damages and is predicated upon an alleged violation by appellees and others of Section 10(b) of 15 USCA § 78(j) and Rule 10b-5 of the Securities and Exchange Commission Act of 1934, 17 C.F.R. § 240. Defendants are the Data Pacific Corporation, its officers, directors, accountants, the principal underwriter of a stock issue and a number of stock brokers, including these appellees.

It is alleged that all defendants, singly and in concert, wrongly participated in the sale of shares of common stock of the Data Pacific Corporation by the use of a device, scheme and artifice to defraud prospective purchasers of the securities in question, and that the defendants obtained money and properties from purchasers of the securities by the use of untrue, or the omission of true, statements of material facts.

Rule 10b-5 makes it unlawful for any person to commit such acts by the use of interstate commerce, or of the mails in connection with the purchase or sale of any security.

The basis for the Order of the trial court in granting summary judgments for the appellees was apparently but not expressly stated that the appellants had

[*] The Honorable Walter T. McGovern, United States District Judge for the Western District of Washington, sitting by designation.

not purchased their shares of stock in connection with any thing that the appellees had done or had failed to do. The record is clear that such fact was clearly supported by substantial evidence.

 Appellants contend, however, that the element of "in connection with the purchase or sale of a security" is not a necessary predicate for recovery. They insist that they are entitled to a judgment even though they may have purchased their shares of stock without knowledge of the alleged tainted prospectus. We affirm the trial court.

Section 10(b) of 15 USCA § 78(j) and Rule 10b–5, 17 C.F.R. § 240.10b–5, which implements that Section, expressly require that the acts complained of must be "in connection with the purchase or sale of any security". If the complainant fails to show that there was a purchase or a sale of the security involved and that such purchase or sale was made "in connection with" the alleged act or acts of misconduct as described in the Rule, there can be no recovery.

In S. E. C. v. Texas Gulf Sulphur Company, 401 F.2d 833 (2nd Cir. 1968) (en banc), cert. denied, 394 U.S. 976, 89 S.Ct. 1454, 22 L.Ed.2d 756 (1969), the Court accurately stated that:

". . . [I]t seems from the legislative purpose Congress expressed in the Act, and the legislative history of Section 10(b) that Congress when it used the phrase, 'in connection with the purchase or sale of any security', intended only that the device employed, whatever it might be, be of a sort that would cause reasonable investors to rely thereon, and in connection therewith, so relying, cause them to purchase or sell a corporation's securities." 401 F.2d at 860. Also, see Iroquois Industries, Inc. v. Syracuse China Corporation, 417 F.2d 963 (2nd Cir. 1969) and Gottlieb v. Sandia American Corporation, 452 F. 2d 510 (3d Cir. 1971), cert. denied,

404 U.S. 938, 92 S.Ct. 274, 30 L.Ed.2d 250.

And here the facts are clear: Appellant Vernon Raschio stated upon deposition that he purchased the shares of stock in question approximately two (2) months before issuance of the prospectus which they claim to be in violation of the Rule. He stated that he did not rely upon the prospectus in any way in buying, holding or disposing of the shares of stock in question. It cannot be said, as it must if appellants are to prevail, that appellants purchased or sold their securities in reasonable reliance upon the misrepresentations of appellees.

 It is next claimed that this Court should direct the trial court to declare this a Class Action for purposes of further proceedings. This we decline to do. The record fails to show, as appellees contend, that the trial court ever considered or ruled upon the appellants' Motion for such an order. Rule 23, Federal Rules of Civil Procedure vests that authority in the trial court. Appellants should address their Motion to that Court.

Affirmed.