Alfred KIRSHNER, Individually and Derivatively on behalf of Teachers Retirement System of the City of New York, Plaintiff,

v.

Bernard GOLDBERG, et al., Individually, and as Trustees of Teachers Retirement System of the City of New York, Morgan Guaranty Trust Company, Citibank, N.A. and Hugh L. Carey, as Governor of the State of New York, Defendants.

77 Civ. 665(HFW).

United States District Court,
S. D. New York.

Jan. 15, 1981.

**456**

Leon Edward Wein, Brooklyn, N. Y., for plaintiff.

Davis, Polk & Wardwell, New York City, for defendant Morgan Guaranty; Lowell, Gordon, Harriss, Robert F. D'Emilia, New York City, of counsel.

Shearman & Sterling, New York City, for defendant Citibank, N.A.; Clarence W. Olmstead, Jr., New York City, of counsel.

Allen G. Schwartz, Corp. Counsel, New York City, for defendant Trustees; Judith A. Levitt, Asst. Corp. Counsel, New York City, of counsel.

Robert Abrams, Atty. Gen., New York City, for defendant Governor Carey; Stephen M. Jacoby, Asst. Atty. Gen., New York City, of counsel.

## OPINION

WERKER, District Judge.

This action challenging investment of New York City Teachers' Retirement funds in obligations of the Municipal Assistance Corporation for the City of New York ("MAC") is before this Court on motions to dismiss the amended complaint by all defendants except Citibank, N.A.

Plaintiff commenced this action *pro se* in 1977 against the United States, various fed-eral officials, and Trustees of the Teachers' Retirement System ("TRS"). The thrust of plaintiff's complaint centered around an agreement entered into by five New York City pension trusts, including TRS, the City of New York, MAC, and eleven New York City banks dated November 26, 1975, pursuant to which TRS agreed, with the other pension funds, to purchase general obligation bonds from the City of New York or MAC. As a beneficiary of TRS, plaintiff alleged that the November 26, 1975 agreement violated the Contract, Due Process, and Equal Protection Clauses of the United States Constitution; that by entering into the agreement the Trustees violated § 10(b) of the Securities Exchange Act of 1934 ("the 1934 Act"), 15 U.S.C. § 78j(b) and Rule 10b–5 promulgated thereunder, 17 C.F.R. § 240.10b–5, as well as § 17(a) of the Securities Act of 1933 ("the 1933 Act"), 15 U.S.C. § 77q(a), and breached their fiduciary duties under state law.

This Court (Pierce, J.) dismissed the purported constitutional claims as well as the claims against the federal officials. With respect to the alleged violations of the federal securities laws, it dismissed the complaint on the ground that plaintiff lacked standing to sue the Trustees. The Second Circuit affirmed the dismissal of plaintiff's claims for relief pursuant to the Constitution and the claims against the federal officials. *Kirshner v. United States*, 603 F.2d 234, 239–40 (2d Cir. 1978), *cert. denied*, 442 U.S. 909, 99 S.Ct. 2821, 61 L.Ed.2d 274 (1979). With respect to the federal securities laws claims, however, it reversed, holding that as a beneficiary of the pension trust, plaintiff had standing to allege securities fraud claims against the Trustees. Having found that plaintiff had standing to assert federal claims, the Second Circuit also reversed the dismissal of the pendent state claims. *Id.* at 240–41.

On remand, plaintiff, who is now represented by counsel, filed an amended complaint. The facts as alleged in plaintiff's amended complaint and as set forth in *Kirshner v. United States, supra,* will not be repeated here. In essence, Kirshner, as a

beneficiary of TRS, challenges TRS investments in MAC and City bonds, attacking the Trustees of TRS[1] as well as Morgan Guaranty Trust Company ("Morgan Guaranty") and Citibank, N.A. for violations of § 10(b) of the 1934 Act and § 17(a) of the 1933 Act. Plaintiff further charges defendant Trustees with breach of fiduciary duty under common law. The amended complaint also purports to state a claim for relief under the Contract Clause of the Constitution and 42 U.S.C. § 1983 against all defendants which include the Trustees of TRS, Morgan Guaranty, Citibank and Governor Carey.

Defendant Morgan Guaranty has moved to dismiss the amended complaint for failure to plead fraud with particularity, Fed. R.Civ.P. 9(b); for failure to state a claim, Fed.R.Civ.P. 12(b)(6); and for failure to verify the amended complaint, Fed.R.Civ.P. 23.1. Defendant Trustees have also moved to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) and (6) for lack of subject matter jurisdiction and failure to state a claim, and in the alternative, for vacatur of this Court's grant of leave to plaintiff to amend the complaint. Defendant Carey similarly seeks dismissal for lack of subject matter jurisdiction, failure to state a claim and improper venue. These motions will be addressed seriatim below.

### Morgan Guaranty's Motion to Dismiss Counts 9 and 10

Counts 9 and 10 of the amended complaint charge that Morgan Guaranty knowingly defrauded TRS and its members by omitting to inform the Trustees that Morgan had ceased purchasing City securities for its trust accounts, reduced its holdings of City obligations prior to the November 1975 agreement and that it had an interest in TRS' investment in City securities because of its potential liability for having underwritten City securities and obligations prior to the agreement, in violation of § 10(b) of the 1934 Act[2] and § 17(a) of the 1933 Act.[3] Morgan Guaranty seeks dismissal of these counts by arguing that since Morgan Guaranty did not offer to sell or in fact sell any securities to TRS, it was not under a duty to disclose. Absent a duty to disclose, it contends, there can be no liability for omission of a material fact under either § 17(a) or § 10(b) and Rule 10b–5.

The Supreme Court has recently held that the failure to disclose material facts does not by itself create liability. Rather, a plaintiff must plead and prove a

---

1. The TRS Board of Trustees is comprised of seven members. Defendants Goldberg, Mitchell and Shannon were elected as Trustees by teachers and school personnel who are employed by the Board of Education. Defendants Christen, Condello and Regan were appointed Trustees pursuant to Administrative Code of the City of New York, § B20–6.0. Defendant Goldin, the Comptroller of the City of New York is a Trustee of TRS pursuant to § B20–6.0. Defendant Robinson was a Trustee of TRS between July 26, 1974 and July 1, 1976. Amended Complaint ¶¶ 19–23.

2. Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) provides:

   It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange—

   (b) To use or employ, in connection with the purchase or sale of any security registered on a national securities exchange or any security not so registered, any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

3. Section 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q(a) provides:

   It shall be unlawful for any person in the offer or sale of any securities by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails, directly or indirectly—

   (1) to employ any device, scheme, or artifice to defraud, or

   (2) to obtain money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made in the light of the circumstances under which they were made, not misleading, or

   (3) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

duty to disclose in order to establish that silence in connection with the purchase or sale of securities is actionable. *Chiarella v. United States*, 445 U.S. 222, 235, 100 S.Ct. 1108, 1118, 63 L.Ed.2d 348 (1980). *Accord, Stromfeld v. Great A. & P. Tea Co.*, 496 F.Supp. 1084, 1087–88 (S.D.N.Y.1980). The Court found in *Chiarella* that the circumstances in which a duty to disclose exists are narrow. Holding that a purchaser-seller relationship alone is not enough to create a duty to disclose under § 10(b), the Court stated that a fiduciary relationship must exist as a prerequisite for a finding of liability. *Id.* at 232–33, 100 S.Ct. at 1116–17.[4]

Moreover, relying on *Chiarella*, the Second Circuit recently held that a plaintiff cannot avoid dismissal of a complaint for failure to state a claim by merely alleging in conclusory terms a fiduciary relationship in the absence of factual allegations demonstrating the existence of such a relationship. *Walton v. Morgan Stanley & Co.*, 623 F.2d 796, 799 (2d Cir. 1980).

■ Counts 9 and 10 of the amended complaint fail to allege any facts upon which a fiduciary relationship arises. Both counts merely recite the failure to disclose the aforementioned alleged material facts. Consequently, I find that plaintiff's failure to plead the existence of and facts surrounding a relationship of trust between the Trustees of TRS and Morgan Guaranty which would give rise to a duty to disclose on the part of Morgan Guaranty must result in dismissal of counts 9 and 10.

### Counts 13 and 14

Counts 13 and 14 allege secondary liability on behalf of Morgan Guaranty based on a theory of aiding and abetting. Morgan Guaranty urges dismissal of these counts by contending that a failure to act can only give rise to secondary liability under § 10(b) when defendant is under a duty to disclose the omission.[5] The elements of a claim for aiding and abetting a securities law violation were recently restated by the Second Circuit in *IIT v. Cornfeld*, 619 F.2d 909 (2d Cir. 1980) as follows:

(1) the existence of a securities law violation by the primary . . . party;

(2) "knowledge" of this violation on the part of the aider and abettor; and

(3) "substantial assistance" by the aider and abettor in the achievement of the primary violation.

*Id.* at 922.

■ The amended complaint alleges that Morgan Guaranty furthered the primary fraud by omitting to advise TRS of the aforementioned material facts and by participating in the execution and implementation of the November 1975 agreement. ¶¶ 66C, 67. Plaintiff is obliged pursuant to Fed.R.Civ.P. 9(b) to state each of the elements of aiding and abetting liability with sufficient particularity to give defendant notice of the exact nature of the fraud claimed so that defendant can formulate adequate responses. *Segal v. Gordon*, 467 F.2d 602, 607–08 (2d Cir. 1972). Unadorned allegations that Morgan Guaranty knew of the primary violation and rendered substantial assistance presumably by failing to disclose and being a party to an agreement which allegedly induced TRS' participation through fraud, will not suffice to satisfy the strictures of Rule 9(b). Plaintiff must depict the acts purported to have furthered the fraud so that defendant can frame a meaningful response. For instance, plaintiff's allegation that Morgan Guaranty "participat[ed] in the execution and implementation of the November 1975 Agreement" is inadequate in that the amended

---

4. While *Chiarella* concerned a violation of § 10(b) of the 1934 Act, the Court's reasoning is likewise applicable to a claim for relief under § 17(a) of the 1933 Act with respect to the "offer" or "sale" of a security in view of the similiarities of the two provisions. *See Branham v. Material Systems Corp.*, 354 F.Supp. 1048, 1054 (D.C.1973). *See also* Steinberg, *Section 17(a) of the Securities Act of 1933*

*After Naftalin and Redington*, 68 Georgetown L.J. 163, 170–71 (1979).

5. While the discussion in text refers to cases addressing purported § 10(b) violations premised on an aiding and abetting theory of liability, the Court has applied the reasoning of the caselaw to plaintiff's § 17(a) claims as well. *See* note 4 *supra*.

complaint does not state how the "participation" assisted the Trustees in defrauding plaintiff. *See Morgan v. Prudential Group, Inc.*, 81 F.R.D. 418, 425 (S.D.N.Y.1978).

Furthermore, although I disagree with Morgan Guaranty's contention that plaintiff must establish a duty to disclose an alleged material omission before secondary liability can be imposed, I conclude that counts 13 and 14 of the amended complaint fall woefully short of satisfying Rule 9(b) for the following additional reasons.

Noting in *Cornfeld* that "[t]he question how far mere inaction ... can fulfill the requirement of substantial assistance" was unsettled in this Circuit, 619 F.2d at 925, the Court found that if a plaintiff is to succeed on a claim of aiding and abetting in the absence of some independent duty to act, it must allege that it "intended by its silence to forward completion of the fraudulent transactions in the expectation of benefiting from the success of the fraud." *Id.* at 927.

Although plaintiff alleges that "Morgan had an interest in recommending the purchase of the securities under the November 1975 Agreement in order to avoid potential liability for having acted as an underwriter in sales of City securities and obligations during the prior ten-year period," ¶ 56(c), he fails to assert specifically how Morgan Guaranty's position as an underwriter of City securities prior to the agreement at issue was enhanced by TRS investment in MAC and City bonds. Under these circumstances, I find that plaintiff has failed to allege with the requisite particularity his claims of secondary liability.

### Count 15

Count 15 of the amended complaint asserts a claim for relief under article I, § 10 of the Constitution and 42 U.S.C. § 1983. The gravamen of this claim is that the November 1975 agreement constituted an impairment of the contractual rights of TRS beneficiaries. Plaintiff has characterized this cause of action as allegations of "various acts by defendants which taken in their entirety resulted in a conspiracy to deprive plaintiff of his rights in his pension fund and the fund itself." Affid. in Opp. to Motion by Trustee Defts. ¶ 16.

▮ Aside from the patent deficiencies of this count with regard to the § 1983 claim against Morgan Guaranty,[6] count 15 contains vague and conclusory allegations of an ongoing conspiracy among "the defendant banks, and Governor of the State and others ... to corrupt the trustees thereby acting to deprive TRS of the duty of loyalty owed by such trustees." ¶ 78. Plaintiff also alleges that "[i]n furtherance of said ... conspiracy, the November 1975 Agreement was entered into by defendant banks, the City, TRS trustees and others...." ¶ 81. These are the only allegations in count 15 which refer to Morgan Guaranty and will not suffice to state a claim against defendant for its alleged violation of plaintiff's rights under § 1983. *Ostrer v. Aronwald*, 567 F.2d 551, 553 (2d Cir. 1977).

Moreover, even if the court were to stretch the conspiracy allegations against Morgan Guaranty to include plaintiff's claim for contract impairment, count 15 would fare no better. Plaintiff asserts that TRS was induced to purchase MAC and City bonds by the enactment of New York legislation "which indemnified the trustees from liability for breach of fiduciary duty in respect of such purchases." ¶ 80. This

---

**6.** Plaintiff has failed to allege that Morgan Guaranty acted under color of state law as required in § 1983 actions. *E.g., Adickes v. S. H. Kress*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Graseck v. Mauceri*, 582 F.2d 203 (2d Cir. 1978), *cert. denied*, 439 U.S. 1129, 99 S.Ct. 1048, 59 L.Ed.2d 91 (1979). More important, however, this claim is barred by the three-year statute of limitations applicable to such actions. *Singleton v. City of New York*, 632 F.2d 185, 189 (2d Cir. 1980). Although Fed.R.Civ.P. 15(c) permits plaintiff to assert a claim in the amended complaint which arose out of the conduct or transaction set forth in the original complaint, he will be precluded from asserting that claim in an amended complaint against Morgan Guaranty which was not a party to the original action and against which the statute of limitations has run. *Id.*

claim has already been rejected by the Second Circuit. Noting that the Trustees are authorized by state law to invest in both MAC and City bonds, the Court found that those laws are "necessary to a valid state purpose—protecting the fiscal integrity of the City by broadening the available markets for its securities—and therefore not in contravention of article I, § 10 of the Constitution." *Kirshner v. United States,* 603 F.2d at 239. Furthermore, this claim has already been rejected in two other actions brought by persons in the same position as plaintiff. *See Withers v. Teachers' Retirement System,* 447 F.Supp. 1248, 1260–61 (S.D.N.Y.1978), *aff'd mem.,* 595 F.2d 1210 (2d Cir. 1979); *Tron v. Condello,* 427 F.Supp. 1175, 1185–90 (S.D.N.Y.1976). Accordingly, Count 15 of the amended complaint is dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim for relief.

■ Finally, Morgan Guaranty seeks dismissal of the entire amended complaint for failure to comply with Fed.R.Civ. 23.1 which requires that a complaint in a derivative action be verified. In view of the liberal pleading requirements of Fed.R.Civ.P. and since it appears that the failure to verify the complaint was merely an oversight on the part of plaintiff's counsel, I decline to dismiss the amended complaint on this basis. Rather, plaintiff is required to file an affidavit verifying the amended complaint and serve it upon the defendants within ten (10) days of the date of filing of this opinion. *Weisfeld v. Spartans Industries, Inc.,* 58 F.R.D. 570, 578 (S.D.N.Y. 1972).

### Defendant Trustees' Motion to Partially Dismiss Counts 3–6

Defendant Trustees have requested the Court to exercise its discretion and dismiss counts 3–6 of the amended complaint on the ground that these claims were not alleged in the original complaint. I find defendants' arguments unpersuasive for the following reasons.

First, plaintiff had been proceeding *pro se* in this action until the Second Circuit reversed in part the trial court's dismissal of his complaint and remanded for further proceedings. Upon advice of the Court, plaintiff secured counsel and at a conference held on January 25, 1980, I granted plaintiff leave to file an amended complaint to which defendants' only objection was the addition of parties, not claims. Counts 3 and 4 allege that defendant Goldin had knowledge that defendant banks were no longer buying City securities for their own accounts at the time the Trustees entered into the agreement and that he withheld this information from the other Trustees in violation of the federal securities laws. Similarly, counts 5 and 6 allege that defendants Goldberg and Mitchell withheld from the other Trustees a draft opinion memorandum.

■ While these allegations are now being pleaded for the first time, they do not involve newly named defendants nor has the gravamen of the underlying causes of action against them been altered, to wit, fraudulent conduct under the federal securities laws. To prohibit plaintiff from benefiting from the advice of counsel as to a more artfully pleaded complaint as well as the addition of claims allegedly presented by facts previously unknown to plaintiff would be a contradiction of this court's direction to plaintiff to retain counsel to represent his interests. Thus, mindful of the provision of Fed.R.Civ.P. 15(a) which states that leave to file an amended complaint "shall be freely given when justice so requires," I decline to vacate my grant of leave to plaintiff to amend his complaint or to dismiss counts 3–6 of the amended complaint.

### Counts 15 and 16

As already noted, count 15 alleges impairment of plaintiff's contractual rights pursuant to article 1, § 10 of the Constitution as well as a claim under 42 U.S.C. § 1983. As found above, the Second Circuit found plaintiff's impairment of contract argument unavailing. *Kirshner v. United States,* 603 F.2d at 239. Thus, I will grant defendants' request for dismissal of that claim.

■ Likewise, plaintiff's § 1983 claim must be dismissed. Paragraph 98 alleges

that certain legislative enactments "and other illegal acts were engaged in by the co-conspirators ... in violation of Section 1983...." It is difficult to decipher the basis for this claim beyond the constitutional attack on the enactment of legislation which was previously rejected by the Second Circuit. Moreover, this vague conspiracy claim cannot sustain dismissal on the basis of the "other illegal acts" allegation which is not amplified beyond an assertion of commingling of trust funds with other City accounts. ¶ 83.

■ However, defendants have failed to provide the Court with a memorandum of law in support of their motion as required by Local Rule 9(b). Therefore their conclusory statements with regard to plaintiff's breach of fiduciary claims asserted in count 16 will not suffice to advance their contentions with respect to the dismissal of that count. Under these circumstances, defendants' motion to dismiss with respect to count 15 is granted but denied as to count 16.

*Defendant Carey's Motion to Dismiss*

Count 15 is the only cause of action asserting a claim against Governor Carey who has been added as a defendant in the amended complaint. I find that this count must likewise be dismissed as against him.

■ The impairment of contract claim with respect to the Governor's role in the enactment of legislation concerning the challenged TRS investments must be dismissed for failure to state a claim since it is but another method of challenging the constitutionality of that legislation which has been upheld by the Second Circuit. *Kirshner v. United States*, 603 F.2d at 239. Similarly, the § 1983 claim, insofar as it relates to alleged due process and equal protection violations in connection with the legislation, has been rejected by the Circuit Court. *Id.* at 239–40.

Moreover, even if the court were to view plaintiff's § 1983 claim against Governor

Carey in the broadest and most favorable sense, that must likewise be dismissed as barred by the statute of limitations.[7] Furthermore, the vague and conclusory allegations contained in ¶ 78 involving Governor Carey in a purported ongoing conspiracy are insufficient to state a claim for relief under § 1983. *Ostrer v. Aronwald, supra.*[8]

CONCLUSION

In accordance with the above, Morgan Guaranty's motion to dismiss is granted in part and denied in part. Counts 9 and 10 of the amended complaint are dismissed; counts 13 and 14 are dismissed with leave to replead within twenty (20) days of the filing of this opinion; count 15 is dismissed as to Morgan Guaranty. Plaintiff is directed to file an affidavit verifying the amended complaint and serve it upon all defendants within ten (10) days of the filing of this opinion.

The Trustees' motion to partially dismiss is granted in part and denied in part; count 15 is dismissed as to the Trustees. Governor Carey's motion to dismiss is granted; count 15 is likewise dismissed as to him.

SO ORDERED.

---

7. *See* note 6 *supra.*

8. In light of the Court's disposition of Governor Carey's motion to dismiss, it is unnecessary for

it to address defendant's contentions regarding improper venue.