Gary ZATKIN, on behalf of himself and
all others similarly situated, Plaintiff,

v.

David PRIMUTH, et al., Defendants.

Civ. No. 82–602–E.

United States District Court,
S.D. California.

Sept. 3, 1982.

David B. Gold, Paul F. Bennett, David B. Gold, A.P.C., San Francisco, Cal., for Gary Zatkin, plaintiff.

Robert W. Hallock, Karl F. Nygren, Thomas P. Coffey, David Garten, Kirkland & Ellis, Chicago, Ill., David R. Clark, Aylward, Kintz, Stiska, Wassenaar & Shannahan, San Diego, Cal., for David J. Primuth, Emil L. McNeely, James R. Wilson, John V. Drum, Clark A. Johnson, Thomas W. Cline, Richard W. Fruechtenicht, Thomas C. Harvey, defendants.

Jeanne E. Irving, Cox, Castle & Nicholson, Los Angeles, Cal., for Ray A. Watt, defendant.

Gordon G. Busdicker, Faegre & Benson, Wendy J. Wildung, Minneapolis, Minn., Leonard S. Janofsky, William B. Campbell, Paul, Hastings, Janofsky & Walker, Los Angeles, Cal., for Walter H. Davies, Jr., Wayne E. Matschullat, Ellsworth L. Johnson, Wenda Weekes Moore, defendants.

John A. Donovan, Gerald T. Ford, Hughes, Hubbard & Reed, Los Angeles, Cal., for Coopers & Lybrand, defendant.

Joseph E. Coughlin, Michael R. Hassan, Lord, Bissell & Brook, Chicago, Ill., Charles A. Adamek, Lord, Bissell & Brook, Los Angeles, Cal., for Duff and Phelps, Inc., defendant.

Grover R. Heyler, Thomas M. Mustin, Latham & Watkins, Los Angeles, Cal., for F.N. Shumway, defendant.

## MEMORANDUM DECISION

ENRIGHT, District Judge.

Plaintiff Gary Zatkin filed the present action on behalf of himself and all persons who acquired securities of Wickes Companies, Inc. (Wickes) from August 12, 1980, through March 15, 1982, inclusive. The case is one in a series of lawsuits by holders of Wickes securities alleging violation of federal securities law.

Zatkin allegedly purchased 100 shares of common stock in The Wickes Corporation (TWC) in September 1978. TWC and Gamble-Skogmo, Inc. (Gamble) issued a Joint Proxy Statement and Registration Statement and Prospectus in July 1980. On August 12, 1980, the two companies combined to ‑form Wickes Companies, Inc. On that date plaintiff exchanged his TWC stock for 100 shares of Wickes common stock.

Plaintiff alleges that defendants employed a deceptive and manipulative scheme to conceal adverse information about the company's business condition in an effort to maintain an artificially high price for Wickes securities. The complaint alleges violation of §§ 17(a)(2) and (3), 11, 12, and 15 of the Securities Act of 1933, and §§ 10(b) and Rule 10b–5, 20, 14, and Rule 14a–9 of the Securities Exchange Act of 1934. Zatkin also alleges that defendants are liable under common law theories of negligent misrepresentation and fraud and deceit.

In addition to selected directors and officers of Wickes, defendants include Duff & Phelps, Inc., a financial advisor to TWC, and Coopers & Lybrand, an independent auditor. The individual defendants have filed motions to dismiss under Rule 9(b), *Fed.R.Civ.P.* Defendants Coopers & Lybrand and Duff & Phelps, Inc. have moved for dismissal under Rule 12(b)(6) and Rule 9(b).

Upon due consideration of the parties' memoranda and exhibits, the arguments advanced at the hearing on August 30, 1982, and for the reasons set forth herein, the court denies all motions to dismiss under Rule 9(b), *Fed.R.Civ.P.* The court also denies the motions of Coopers & Lybrand, and Duff & Phelps, Inc., under Rule 12(b), with the exception of claims under § 17 of the 1933 Act and § 14 of the 1934 Act, which are dismissed.

## DISCUSSION

### RULE 9(b) MOTIONS

Defendants in the present action have filed motions to dismiss based upon Rule 9(b) of the Federal Rules of Civil Procedure. Defendants make the general argument that plaintiff has failed to plead facts with sufficient detail and particularity to allege fraud.

The legal standards bearing on federal complaints are found in Rules 8 and 9. Rule 8 calls merely for a short and plain statement of the facts and claim, and has consistently been accorded very liberal construction. Rule 9(b), however, provides that certain "special matters," such as fraud, must be pleaded with particularity. Rule 9(b) has been held to apply to 10b–5 securities cases. *Gottreich v. San Francisco Investment Corporation,* 552 F.2d 866 (9th Cir.1977).

■ Defendants cite numerous cases from other circuits which hold, in effect, that there is a strict standard for pleading in cases of fraud, and that one may not begin his investigation by filing a complaint. This is true because of the danger of strike suits and because of the reputational injury to defendants charged with fraud. Nonetheless, "it is inappropriate to focus exclusively on the fact that Rule 9(b) requires particularity in pleading fraud. This is too narrow an approach and fails to take account of the general simplicity and flexibility contemplated by the rules." 5 Wright & Miller, *Federal Practice and Procedure,* § 1298. The Ninth Circuit has consistently taken the approach of reading the two rules in conjunction. Under Ninth Circuit law, a pleading is sufficient for purposes of Rule 9(b) if it identifies the circumstances constituting fraud so that the defendant can prepare an adequate answer. While conclusory allegations will not suffice, statements which provide the time, place and nature of the alleged fraudulent activities will. *Bosse v. Crowell, Collier and MacMillan,* 565 F.2d 602, 611 (9th Cir.1977); *Walling v. Beverly Enterprises,* 476 F.2d 393, 397 (9th Cir.1973). The court finds the complaint in the present case meets this test.

A. *Pleadings Based on Information and Belief*

■ Allegations of fraud based on information and belief usually do not satisfy the degree of particularity required under Rule 9(b). However, an exception exists where, as in cases of corporate fraud, the plaintiffs cannot be expected to have personal knowledge of the facts constituting the wrongdoing. In such cases, a complaint based on information and belief is sufficient if it includes a statement of the facts upon which the belief is based. *Schlick v. Penn-Dixie Cement Corp.,* 507 F.2d 374, 379 (2d Cir.1974), *cert. denied,* 421 U.S. 976, 95 S.Ct. 1976, 44 L.Ed.2d 467 (1975).

B. *Lack of Individualization*

■ Defendants also object to the "each and all" language of the complaint and charge it fails to properly establish the conduct of the individual defendants. This contention is without merit. Where statements can be attributed to one individual, they are so specified. The defendants are each identified in the complaint as directors and/or officers of Wickes. Where alleged actions involve the issuance of annual reports or releases, it may be presumed that these are the collective actions of the directors and officers. *See, In re Equity Funding Corp. of America Securities Litigation,* 416 F.Supp. 161, 181 (C.D.Cal.1976).

C. *Aiding and Abetting*

■ Coopers & Lybrand asserts that aid and abet liability has been improperly pleaded under 9(b). The rule requires that all elements of aiding and abetting a fraud must be pleaded with particularity. *Kirshner v. Goldberg,* 506 F.Supp. 454, 458 (S.D. N.Y.1981). Plaintiff must plead three elements:

(1) a primary violator has committed a securities law violation; (2) the defendant knew of the violation, but, (3) nonetheless knowingly and substantially assisted the primary violator.

*SEC v. Seaboard Corp. ("Tabor"),* 677 F.2d 1297, 1299 (9th Cir.1982). Plaintiff's complaint satisfies the requirements of Rule 9(b) in pleading aid and abet liability.

### D. *Fraudulent Concealment*

Section 13 of the 1933 Act establishes the time period within which an action may be brought. Plaintiff's claims are time-barred unless the action is brought within one year of the discovery of the untrue statement or omission, or within one year of the time when such discovery should have occurred. 15 U.S.C. § 77m. Plaintiff Zatkin alleges that defendants' fraudulent concealment excuses his failure to bring this action within the one-year limitation period.

The requirements for pleading fraudulent concealment are set forth in *Rutledge v. Boston Woven Hose & Rubber Co.,* 576 F.2d 248, 250 (9th Cir.1978), as follows:

> To avoid the bar of limitation by invoking the concept of fraudulent concealment, the plaintiff must allege facts showing affirmative conduct upon the part of the defendant which would, under the circumstances of the case, lead a reasonable person to believe that he did not have a claim for relief. Silence or passive conduct of the defendant is not deemed fraudulent, unless the relationship of the parties imposes a duty upon the defendant to make disclosure. The affirmative act of denying wrongdoing may constitute fraudulent concealment where the circumstances make the plaintiff's reliance upon the denial reasonable....

In the present case, the allegations contained in ¶¶ 20, 41, and 42 of the complaint contain the elements necessary in pleading fraudulent concealment.

### RULE 12(b)(6) MOTIONS

■ The issue in a Rule 12(b)(6) motion to dismiss is "whether in the light most favorable to plaintiff, and with every doubt resolved in his behalf, the complaint states a valid claim for relief." 5 Wright & Miller, *Federal Practice and Procedure:* Civil § 1357 at 601. It must appear beyond doubt that plaintiff can prove no set of facts which would entitle him to relief.

*Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). The court primarily considers the allegations of the complaint in ruling on a 12(b)(6) motion.

### A. *Causation Under § 10(b)*

Coopers & Lybrand asserts that it cannot be held liable for acts which occurred after August 12, 1980, when the plaintiff Zatkin obtained his Wickes stock.

■ This defendant is correct in its assertion that allegedly fraudulent acts which occur after a plaintiff's purchase of stock cannot form the basis of a § 10(b) claim because the acts are not performed in connection with the purchase or sale of stock. *Williams v. Sinclair,* 529 F.2d 1383, 1389 (9th Cir.1975), *cert. denied,* 426 U.S. 936, 96 S.Ct. 2651, 49 L.Ed.2d 388 (1976); *Raschio v. Sinclair,* 486 F.2d 1029, 1030 (9th Cir. 1973). In response, Zatkin states that there is causation with respect to class members who purchased securities during the class period. It is not necessary to determine whether purchases by class members, rather than purchases by the named plaintiff, may be considered in establishing causation in a § 10(b) claim on a motion to dismiss.

■ Plaintiff also alleges that Coopers & Lybrand is liable under § 10(b) for an act *prior* to August 12, 1980. Paragraph 47(d) of the complaint states:

> In addition, Coopers issued an opinion and conducted a review in connection [with] the TWC-Gamble Joint Proxy Statement [issued July 10, 1980], Registration Statement and Prospectus. Said opinion was false and misleading for the reasons set forth in paragraph 42.

Coopers & Lybrand complains that all of the events outlined in ¶ 42 occurred after the companies combined. While this is certainly true with respect to most of the events set forth in ¶ 42, it cannot be said with certainty that all the matters outlined, particularly ¶ 42(f), concerned events after August 12, 1980. For the reasons outlined in the discussion of Rule 9(b), the claim also satisfies the pleading requirements of that rule.

■ The motion to dismiss the § 10(b) claim for lack of causation should be denied. Nonetheless, the § 10(b) claims against Coopers & Lybrand may be subject to challenge under Rule 56 at a later date.

### B. *Aiding and Abetting Under § 10(b)*

■ Coopers & Lybrand argues that peripheral securities defendants such as accountants cannot be held liable on a § 10(b) claim under a secondary "aid and abet" theory of liability. This argument lacks merit.

The Ninth Circuit's most recent case on the liability of aiders and abettors is *SEC v. Seaboard Corp. ("Hugh Johnson"),* 677 F.2d 1301 (9th Cir.1982). The court stated that:

An accountant may be liable as an aider and abettor if it knows, or is reckless in not knowing, that its client has committed a primary violation, and it substantially aids the client in the overall enterprise.

*Id.* at 1312. The court reversed summary judgment in favor of Ernst & Ernst on grounds that there were material issues regarding the accounting firm's knowledge of and participation in the alleged misrepresentation.

The court's position on secondary liability of accountants was placed in some question by a footnote at 1311 n. 12. The footnote stated that although the court had suggested potential aiding and abetting liability under the securities laws, it had not ruled directly on the issue. Included was a brief history of the aiding and abetting theory of liability and the suggestion that the Supreme Court would not recognize a secondary liability theory if called upon to rule on the issue today.

Nonetheless, actions speak louder than words. Thus far, the Ninth Circuit has not chosen to depart from its "suggestions" of aiding and abetting liability for accountants under § 10(b) claims.

For the reasons outlined in the discussion of Rule 9(b), the aiding and abetting claim satisfies the pleading requirements of the rule.

### C. *Liability Under § 11*

Coopers & Lybrand and Duff & Phelps, Inc. challenge allegations of liability against them under § 11 on grounds that: 1) there is no aiding and abetting liability under the section, and 2) the claim is time-barred. Neither argument has merit.

Section 11 of the Securities Act of 1933, 15 U.S.C. § 77k, sets forth the classes of persons who may be sued in civil actions for false registration statements. Among those included are:

(a)(4) every accountant, engineer, or appraiser, or any person whose profession gives authority to a statement made by him, who has with his consent been named as having prepared or certified any part of the registration statement, or as having prepared or certified any report or valuation which is used in connection with the registration statement, with respect to the statement in such registration statement, report, or valuation, which purports to have been prepared or certified by him. . . .

Defendants cite *Hagert v. Glickman, Lurie, Eiger & Co.,* 520 F.Supp. 1028 (D.Minn. 1981), where the Minnesota court, citing *In Re Equity Funding Corporation of America Securities Litigation,* 416 F.Supp. 161, 181 (C.D.Cal.1976), stated at 1034:

[W]here a statute specifically limits those who may be held liable for the conduct described in the statute, the courts cannot extend liability, under a theory of aiding and abetting, to those *who do not fall within the categories of potential defendants described by the statute.* To impose such liability would circumvent the express intent of Congress in enacting these statutes that proscribe narrowly defined conduct and allow relief from precisely defined parties. [Italics added.]

Purporting to follow *Equity Funding,* the court dismissed a § 11 claim against defendant accountants and a law firm which was based on the theory of aiding and abetting. By this ruling, the Minnesota court misinterpreted dicta from *Equity Funding, supra.*

In *Equity Funding,* the court recognized aiding and abetting liability under several sections of federal securities laws, with certain limitations. One such limitation arose where the statute specifically limited the category of defendants.

§ 11 of the 1933 Act, for example, imposes potential liability only on signators to the registration statement, directors or partners of the issuer or those so named, accountants or other professionals that certify or prepare work appearing in the statement, and underwriters.

*Equity Funding, supra,* at 181. In other words, a theory of secondary liability cannot be employed to bring categories of persons not listed in § 11 within its categories of potential defendants.

■■■ In the present case, both Duff & Phelps, Inc., and Coopers & Lybrand, are within the classes of persons or entities listed in § 11. Accordingly, the limitation noted in *Equity Funding, supra,* is inapplicable.

With respect to the claim that the § 11 claim is time-barred, plaintiff has properly pleaded fraudulent concealment under Rule 9(b), as discussed above.

### D. *Liability Under § 17*

Defendant Coopers & Lybrand states that there is no implied private right of action under § 17, and, even if there were, the implied remedy must be in fraud, not negligence.

In *Stephenson v. Calpine Conifers II, Ltd.,* 652 F.2d 808 (9th Cir.1981), the Ninth Circuit adopted the reasoning of the Second Circuit and found an implied right of action under § 17. Defendant points out that the more recent Ninth Circuit decision, *Kramas v. Security Gas & Oil,* 672 F.2d 766 (9th Cir.1982), casts doubt on the rationale of *Stephenson.*

■■■ While the existence of a private right of action may be in question, courts within this circuit do agree that the action must be based on allegations of fraud, not negligence. *See, McDaniel v. Compania Minera Mar de Cortes, etc.,* 528 F.Supp. 152,

166 ·(D.Ariz.1981); *Malik v. Universal Resources Corp.,* 425 F.Supp. 350, 363 (S.D.Cal. 1976).

Because plaintiff bases his § 17 claim on allegations of negligence, defendant's motion to dismiss should be granted.

### E. *Liability Under § 14*

■■■ Coopers & Lybrand also argues that scienter rather than negligence is the standard of liability under § 14. In the absence of Ninth Circuit authority, the court finds persuasive the reasoning of *Adams v. Standard Knitting Mills, Inc.,* 623 F.2d 422 (6th Cir.), *cert. denied,* 449 U.S. 1067, 101 S.Ct. 795, 66 L.Ed.2d 611 (1980). In *Adams,* the Sixth Circuit reviewed the history, structure, and policy considerations behind federal securities laws. It then ruled that scienter should be an element of liability in private suits under the proxy provisions as they apply to outside accountants. The court reasoned at 428:

> Federal courts created the private right of action under section 14, and they have a special responsibility to consider the consequences of their rulings and to mold liability fairly to reflect the circumstances of the parties. Although we are not called on in this case to decide the standard of liability of the corporate issuers of proxy material, we are influenced by the fact that the accountant here, unlike the corporate issuer, does not directly benefit from the proxy vote and is not in privity with the stockholder. Unlike the corporate issuer, the preparation of financial statements to be appended to proxies and other reports is the daily fare of accountants, and the accountant's potential liability for relatively minor mistakes would be enormous under a negligence standard.

Defendant's motion to dismiss the section 14 claims should be granted.

### F. *Pendent Claims*

■■■ Coopers & Lybrand presents two substantive challenges to the common law claim of negligent misrepresentation: 1) that plaintiff has failed to allege all the

elements of the cause of action, and 2) that an auditor cannot be held liable for negligent misrepresentation to a class of public shareholders. Neither argument has merit.

Under California law, an inference of reliance will arise as to an entire class, if the trial court finds that material misrepresentations were made to the class members. *Vasquez v. Superior Court,* 4 Cal.3d 800, 814, 94 Cal.Rptr. 796, 484 P.2d 964 (1971). Even if plaintiff were required to plead reliance in an action for negligent misrepresentation, the allegations of Zatkin's complaint are sufficient. In *In re Equity Funding Corporation of America Securities Litigation, supra,* the court held that an "allegation of 'purpose and effect,' coupled with the clear materiality of misrepresentations alleged, satisfies the reliance and causation requirements imposed on pleadings that assert fraud claims in California." *Id.* at 183, 94 Cal.Rptr. 796, 484 P.2d 964.

Furthermore, the Restatement (Second) of Torts § 552 supports liability of accountants to public shareholders. There are no California cases which rule on the precise issue raised by Cooper & Lybrand.