## In re PARADYNE NETWORKS, INC. SECURITIES LITIGATION

### No. 8:00CV2057–T–17TBM.

United States District Court, M.D. Florida, Tampa Division.

April 2, 2002.

Kenneth Vianale, Maya Saxena, Milberg, Weiss, Bershad, Hynes & Lerach, Boca Raton, FL, for Hayes Ho.

Daniel E. Bacine, Mark R. Rosen, Barrack, Rodos & Bacine, Philadelphia, PA, Robert R. Adler, Kenneth Vianale, Abraham Rappaport, R. Timothy Vannatta, Milberg, Weiss, Bershad, Hynes & Lerach, Boca Raton, FL, for Frank D. Gruttadauria, Larry Spitcaufsky.

Daniel E. Bacine, Barrack, Rodos & Bacine, Philadelphia, PA, Steven G. Schulman, Samuel H. Rudman, Milberg, Weiss, Bershad, Hynes & Lerach, LLP, New York City, Kenneth Vianale, Maya Saxena, Milberg, Weiss, Bershad, Hynes & Lerach, Boca Raton, FL, Abraham Rappaport, Milberg, Weiss, Bershad, Hynes & Lerach, Boca Raton, FL, for Jacob Turner.

Steven G. Schulman, Samuel H. Rudman, Milberg, Weiss, Bershad, Hynes & Lerach, LLP, New York City, Fred T. Isquith, Wolf, Haldenstein, Adler, Freeman & Herz, New York City, Robert R. Adler, Kenneth Vianale, Maya Saxena, Abraham Rappaport, Milberg, Weiss, Bershad, Hynes & Lerach, Boca Raton, FL, Charles J. Piven, Law Offices of Charles J. Piven, P.A., Baltimore, MD, for Ron Walker.

Paul J. Geller, Jonathan M. Stein, Cauley, Geller, Bowman & Coates, LLP, Boca Raton, FL, Neil Rothstein, David R. Scott, Scott & Scott, Colchester, CT, for Jerold B. Hoffman, Amy K. Hoffman.

Steven G. Schulman, Samuel H. Rudman, Milberg, Weiss, Bershad, Hynes & Lerach, LLP, New York City, Frederic S. Fox, Brigid T. Kavanaugh, Kaplan, Kilsheimer & Fox, LLP, New York City, Robert R. Adler, Kenneth Vianale, Maya Saxena, Abraham Rappaport, Milberg, Weiss, Bershad, Hynes & Lerach, Boca Raton, FL, for Steven Barrios.

Steven G. Schulman, Samuel H. Rudman, Milberg, Weiss, Bershad, Hynes & Lerach, LLP, New York City, Curtis V. Trinko, Law Offices of Curtis V. Trinko, New York City, Robert R. Adler, Kenneth Vianale, Maya Saxena, Abraham Rappaport, Milberg, Weiss, Bershad, Hynes & Lerach, Boca Raton, FL, for Paul Cappaert.

Leo W. Desmond, Law Office of Leo W. Desmond, West Palm Beach, FL, for David Becker, Myrtle Bailey.

Steven G. Schulman, Samuel H. Rudman, Milberg, Weiss, Bershad, Hynes & Lerach, LLP, New York City, Alfred G. Yates, Jr., Alfred G. Yates, Jr. & Assoc., Pittsburgh, PA, Robert R. Adler, Kenneth Vianale, Maya Saxena, Abraham Rappaport, Milberg, Weiss, Bershad, Hynes & Lerach, Boca Raton, FL, for Thomas W. Brown.

Frederick Stewart Schrils, Tracy A. Nichols, Christopher S. Polaszek, Holland & Knight, LLP, Tampa, FL, for Paradyne Networks, Inc., Andrew S. May, Thomas E. Epley, Patrick M. Murphy, Sean Belanger.

### ORDER

KOVACHEVICH, Chief Judge.

THIS CAUSE is before the Court on Defendants' Motion to Dismiss Plaintiffs' Complaint and Memorandum of Law in support thereof (Dkt.Nos.25–26); Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Dismiss Plaintiffs' Consolidated Amended Class Complaint (Dkt. No. 30); Defendants' Reply Brief in Support of their Motion to Dismiss (Dkt. No. 33); and Plaintiffs' Consolidated Amended Class Complaint (Dkt. No. 24).

### Background

Plaintiffs, Frank D. Gruttadauria and Larry Spicaufsky, on behalf of themselves and on behalf of members of a class of similarly-situated persons (Plaintiffs), filed suit against Paradyne Network, Incorporated (Defendant Paradyne), a developer of high-speed network access solutions, and the following employees of Defendant Paradyne: Andrew S. May, Chief Executive Officer and Director; Patrick M. Murphy, Senior Vice President and Chief Financial Officer; Thomas E. Epley, Chairman of the Board of Directors; and Sean Belanger, President and Chief Operating Officer (Individual Defendants) for violations of the Securities Exchange Act. Plaintiffs are members of a class of persons who purchased or acquired the common stock of Defendant Paradyne between September 28, 1999 and September 28, 2000. Additionally, the Court notes that Frank D. Gruttadauria is no longer a plaintiff in this case.

Defendant Paradyne is a developer, manufacturer, and distributor of digital subscriber line (DSL) products. DSL products are installed in each end of a telephone line to permit faster internet access than that of the traditional telephone modem. For most of the class period to which Plaintiffs belong, Defendant Paradyne experienced record-breaking sales of its broadband products. In April 2000, Defendant Paradyne announced that Dreamline, a leading Korean-based communications carrier, was going to use Defendant Paradyne's products to provide high-speed internet access in Korea. A few months later, Paradyne again announced another large order from Dreamline. Then, on September 28, 2000, Defendant Paradyne issued a press release, announcing that its third quarter results would be lower than previously expected because some of their network service providers needed less equipment than originally anticipated. As a result, Defendant Paradyne's stock value dropped significantly.

On October 5, 2000, Plaintiffs filed suit against Defendant Paradyne and the Indi-

vidual Defendants, asserting a claim against Defendant Paradyne for violations of Section 10(b) of the Securities Exchange Act and against the Individual Defendants for violations of Section 20(a) of the Securities Exchange Act. Plaintiffs submitted an Amended Class Complaint on March 27, 2001, and Defendants filed a Motion to Dismiss the complaint on May 25, 2001.

### Standard of Review

In ruling on a motion to dismiss, the court should not dismiss a complaint unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 56–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In considering a motion to dismiss, the court must take all material allegations of the complaint as true and liberally construe those allegations in favor of the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). However, a plaintiff may not merely "label" claims to survive a motion to dismiss. *Blumel v. Mylander*, 919 F.Supp. 423, 425 (M.D.Fla.1996). At a minimum, the complaint must provide a "short and plain statement of the claim" that "will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 47, 78 S.Ct. 99 (quoting Fed. R.Civ.P. 8(a)(2)). When, on the basis of a dispositive issue of law, no construction of the factual allegation will support the cause of action, dismissal of the complaint is appropriate. *Executive 100, Inc. v. Martin County*, 922 F.2d 1536 (11th Cir. 1991).

Normally, a court must limit its consideration to its pleadings and written instruments attached as exhibits thereto; however, where a complaint alleges violations of securities laws, the court may consider certain other material, such as documents filed with the Securities Exchange Commission (SEC). *Bryant v. Avado Brands, Inc.* 187 F.3d 1271, 1276–1281 (11th Cir. 1999).[1]

### Discussion

**A. Claims under Section 10(b) of the Securities Exchange Act**

#### General Principles

Section 10(b) of the Securities Exchange Act imposes private liability on any person who uses or employs "in connection with the purchase or sale of any security ... any manipulative or deceptive device or contrivance in contravention of such rule and regulations as the SEC may prescribe." 15 U.S.C. § 78j. Pursuant to this authority, the SEC has promulgated Rule 10b–5, which provides the following:

It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange,

(a) To employ any device, scheme, or artifice to defraud,

(b) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, or

---

**1.** In considering whether Plaintiffs have pled their case adequately to withstand Defendants' Motion to Dismiss, this Court may consider evidence outside the pleadings that is undisputedly authentic and on which Plaintiffs specifically have relied in their Amended Complaint. *Harris v. Ivax Corp.*, 182 F.3d 799, 802 n. 2 (11th Cir.1999). Additionally, in this Circuit, the district courts may judicially notice, at the motion to dismiss stage, any relevant documents legally required by and publicly filed with the SEC. *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1280 (11th Cir. 1999).

(c) To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security.

17 C.F.R. § 240.10b–5.

### Heightened Pleading Standards

Federal Rule of Civil Procedure 9(b) provides that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed.R.Civ.P. 9(b). Because claims under Section 10 and Rule 10b–5 are based on securities fraud, Rule 9 applies to all claims brought under these provisions. *In re Theragenics,* 105 F.Supp.2d 1342, 1348–1349 (N.D.Ga.2000). Rule 9(b) ordinarily requires the "who, what, when, where, and how: the first paragraph of any newspaper story." *DiLeo v. Ernst & Young,* 901 F.2d 624, 627 (7th Cir.1990).

In addition to complying with Rule 9, a plaintiff alleging claims under Section 10 or Rule 10b–5 must also satisfy the pleading requirements set forth in the Private Securities Reform Act of 1995 (Reform Act). To "curb abusive securities litigation," Congress enacted the Reform Act, which imposes a heightened pleading requirement for securities fraud claims. *Bryant,* 187 F.3d at 1286.

The first requirement that the Reform Act imposes is that the complaint must: specify each statement alleged to have been misleading, [and] the reason or reasons why the statement is misleading. 15 U.S.C. § 78u–4(b)(1). This requirement applies to

any private action arising under the [Exchange Act] in which the plaintiff alleges that the Defendant (A) made an untrue statement of a material fact; or (B) omitted to state a material fact necessary in order to make the statements

made, in light of the circumstances in which they were made, not misleading. *Id.*

The second requirement under the Reform Act is that, "if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed." *Id.* § 78u–4(b)(1). Finally, the Reform Act requires that the complaint state, with particularity, facts giving rise to a "strong inference" that the defendant acted with the required state of mind. *Id.* § 78u–4(b)(2).

Because of the stringent requirements under the Reform Act and Rule 9(b), this Court must deviate from the standard analysis of a 12(b)(6) motion to dismiss. Instead, the Court must first determine if the complaint's allegations are sufficiently particularized. This includes the "who, what, where, and when" of the alleged fraud; the specific statements that the plaintiffs find misleading; the reasons why the statement is misleading; and the particular facts that give rise to a strong inference that the defendant acted with scienter.

Next, the Court must rely on the undisputed documents that the parties submitted to evaluate what statements were actually made. *Supra,* n. 1. The Court may also rely on other statements within the documents to determine whether the allegedly misleading statements are actionable. Finally, if the plaintiff makes allegations that are based "on information and belief," the Court must ensure that these allegations have some basis to support the information or belief.

### Elements

To prevail on a cause of action under Section 10(b) or Rule 10b–5, the plaintiff must prove "(1) a misstatement or omission (2) of a material fact (3) made with

scienter (4) upon which the plaintiff relied (5) that proximately caused the plaintiff's loss." *Theoharous v. Fong*, 256 F.3d 1219, 1224 (11th Cir.2001).

Defendants argue that the complaint should be dismissed because there is no basis for securities fraud for failing to predict that Dreamline and other customers would stop ordering in the future and they had no duty to guess about the future; because they did disclose Paradyne's inventory buildup, its practice to order parts in advance of written purchase orders, and that Paradyne's customers, such as Dreamline, could cancel orders or refuse to make future purchases at any time; because Paradyne's statements about its inventory buildup were forward-looking and protected by the safe harbor provision of the Reform Act; and, finally, because Plaintiffs did not meet their heightened pleading burden under the Reform Act to plead facts showing a "strong inference" that Defendants acted with the requisite scienter.

### 1. False Statements and Omissions

Defendants argue that they did not make omissions or misstatements of material fact because they had no duty to predict Dreamline's future needs; therefore, they cannot be held liable under Section 10b or Rule 10b–5. Plaintiffs argue that Defendant made false and misleading misrepresentations regarding their practice of managing and reporting on Paradyne's inventory and they misled the investment community about their business strategy.

In paragraphs thirty-four through seventy, Plaintiffs have alleged that the false and misleading statements or omissions include the following: Defendants' failure to disclose that Paradyne would order inventory despite the absence of a purchase order for a customer; their failure to disclose their thirty-five million dollar inventory buildup for Dreamline, despite the

fact that they did not have a purchase order from Dreamline; their failure to disclose the risky nature of their practice of building up inventory; and the failure to disclose that the thirty-five million dollar inventory buildup could not be sold to any other customer, except Dreamline, should Dreamline fail to purchase the products.

The Court notes that these averments are based on an alleged failure to disclose material information. With respect to Rule 10b–5, the duty to disclose arises from subsection (b), which requires disclosure of information "necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading." 17 C.F.R. § 240.10b–5. Therefore, to be actionable, the omission must render the statements that are actually made misleading. However, Plaintiffs further allege that, based on their omissions, Defendants artificially inflated Paradyne stock prices, causing Plaintiffs to purchase the stock at artificially-inflated prices and resulting in damage to Plaintiffs. Therefore, Plaintiffs have alleged facts that meet the first element of a Section 10(b) claim.

Additionally, the Court notes that, because Plaintiffs 10(b) claims arise from omissions of material facts, not statements that Defendants made, the Court finds that the safe harbor provision of the Reform Act does not apply to Plaintiffs' claims.

### 2. Material Fact

A defendant's materially misleading statements or omissions constitute the primary element of a Rule 10b–5 claim. *Anderson v. Transglobe Energy Corp.*, 35 F.Supp.2d 1363, 1368 (M.D.Fla.1999). "A false statement or omission will be considered 'material' if its disclosure would alter the total mix of facts available to an investor and 'if there is a substantial likelihood

that a reasonable shareholder would consider it important' to the investment decision." *Id.* (quoting *Basic, Inc. v. Levinson*, 485 U.S. 224, 227, 108 S.Ct. 978, 99 L.Ed.2d 194 (1988)). The Court may not dismiss a complaint under 12(b)(6) unless the alleged misstatements or omissions are "so obviously unimportant that reasonable minds could differ on the question of their importance." *Id.* (quoting *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir.1985)).

■ When viewing the allegations in Plaintiffs' complaint, the Court finds that the alleged false misrepresentations and omissions are important, and reasonable minds could not differ as to their materiality. Specifically, Plaintiffs assert that Defendants failed to disclose that the thirty-five million dollar inventory buildup for their Dreamline product order could not be sold to any other customer if Dreamline pulled out of the deal. Plaintiffs also assert that Defendants failed to disclose that they had no binding contract or purchase order from Dreamline. Whether or not these alleged misrepresentations and omissions are correct would be highly material to investors. Accordingly, Plaintiffs have sufficiently pled the element of materiality.

### 3. Scienter

Plaintiffs must properly allege scienter to state a claim pursuant to Section 10(b) and Rule 10b–5. "Scienter may be established by proof of misconduct which is knowing or extremely reckless in that it reflects an extreme departure from the standards of ordinary care." *Id.* (quoting *In re Checkers*, 858 F.Supp. 1168, 1176 (M.D.Fla.1994)). In *Anderson v. Transglobe Energy Corp.*, 35 F.Supp.2d 1363, 1368 (M.D.Fla.1999), this Court held that the plaintiffs sufficiently pled scienter by alleging that the defendants "knew that [the matters described in the First Amended Complaint] had not been disclosed and failed to correct the omissions"

and that they "knew or [were] reckless in overstating the potential and status [of the stock]." 35 F.Supp.2d at 1367.

■ In the instant case, paragraphs eighty-three through eighty-seven of Plaintiffs' complaint alleges, among other things, that defendants "knew that the public documents ... were materially false and misleading; knew or recklessly disregarded that such statements or documents would be issued or disseminated to the investing public; and knowingly and substantially participated ... in the issuance or dissemination of such statements or documents." The Court finds that these allegations are sufficient to meet the scienter pleading requirement.

### 4. Reliance

In paragraph ninety-eight, Plaintiffs allege that they relied on the false and misleading statements and omissions of Defendants. "Where materially misleading statements have been disseminated into an impersonal, well-developed market for securities, the reliance of individual plaintiffs on the integrity of the market price may be presumed." *In re Checkers*, 858 F.Supp. at 1176 (citing *Basic, Inc.*, 485 U.S. at 227, 108 S.Ct. 978). Plaintiffs' claimed reliance on such a faulty market price establishes a "fraud on the market" claim under Section 10(b). *See Lipton v. Documation, Inc.*, 734 F.2d 740, 745 (11th Cir.1984) ("It is reasonable to assume that misinformation disseminated into the marketplace will affect the market price.").

■ To establish a "fraud on the market" claim, Plaintiffs must allege "either that the stock they purchased ... was actively traded on a well-developed, efficient market or facts which give rise to such an inference." *In re Checkers*, 858 F.Supp. at 1177. In looking at the pleadings, the Court finds that Plaintiffs have met the standard for pleading a "fraud on the market" claim. In paragraph ninety,

they allege that Paradyne was listed and actively traded on the NASDAQ. In paragraph ninety-four, Plaintiffs allege that Defendants "employed devices, schemes, and artifices to defraud ... and engaged in acts, practices, and a course of business which operated as a fraud and deceit upon [Plaintiffs] in an effort to maintain artificially high market prices for Paradyne common stock." Finally, in paragraph ninety-eight, Plaintiffs allege that they relied on Defendants' omissions and misrepresentations. Therefore, the Court finds that these allegations are sufficient to satisfy the reliance element under Section 10(b).

### 5. Causation

■■■■ Plaintiffs must prove both actual and proximate causation to prevail under Rule 10b–5. *Bruschi v. Brown,* 876 F.2d 1526, 1530 (11th Cir.1989). To plead actual causation, Plaintiffs can allege that Defendants' misrepresentations or omissions induced Plaintiffs to buy Paradyne stock. *Anderson,* 35 F.Supp.2d at 1369. Additionally, to plead proximate causation, Plaintiffs can allege that "they would not have invested had they known the truth, and that the untruth was in some reasonable direct way responsible for the loss." *Id.* In paragraphs ninety-six through ninety-nine, Plaintiffs allege that Defendants' misrepresentations and omissions caused the stock prices to artificially inflate, resulting in Plaintiffs' purchase of the stock and causing damage to Plaintiffs. The Court's review of the complaint reveals that Plaintiffs have adequately pled both actual and proximate causation.

Based on the foregoing, the Court finds that Plaintiffs adequately pled their claims under Rule 10b–5 and Section 10(b) of the Exchange Act. Moreover, the Court finds that Plaintiffs have met their burden under Rule 9 of the Federal Rules of Civil Procedure and the Reform Act because the allegations in their complaint are suffi-ciently particularized to notify Defendants of the "who, what, where, and when" of the alleged fraud; the specific statements that Plaintiffs found misleading and the reasons why; and the particular facts that gave rise to a strong inference that Defendants acted with scienter. Therefore, Defendants motion to dismiss must be denied.

### B. Section 20(a) of the Securities Exchange Act

Plaintiffs also allege violations under Section 20(a) of the Exchange Act against the Individual Defendants as "controlling persons" of Paradyne by virtue of their corporate positions. Section 20(a) provides that:

> Every person who, directly or indirectly, controls any person liable under any provision of this chapter or of any rule or regulation thereunder shall also be liable jointly and severally with and to the same extent as such controlled person to any person to whom such controlled person is liable, unless the controlling person acted in good faith and did not directly or indirectly induce the act or acts constituting the violation.

15 U.S.C. § 78t(a).

To state a claim under this section, Plaintiffs must allege that (1) Defendant Paradyne violated Section 10(b) of the Exchange Act; (2) the Individual Defendants had the power to control the general business affairs of Defendant Paradyne; and (3) the Individual Defendants "had the requisite power to directly or indirectly control or influence the specific corporate policy which resulted in primary liability." *Fong,* 256 F.3d at 1226 (quoting *Brown v. Enstar Group, Inc.,* 84 F.3d 393, 396 (11th Cir.1996)). "The term control (including the terms controlling, controlled by and under common control with) means the possession, direct or indirect, of the power to direct or cause the direction of the management and policies of a person,

whether through the ownership of voting securities, by contract, or otherwise." *Id.* at 1227 (quoting 17 C.F.R. § 230.405).

As stated above, the Court finds that Plaintiffs have adequately pled a claim under Section 10(b). Additionally, paragraph fourteen alleges that "by reason of their management positions, and membership on Paradyne's Board of Directors, and their ability to make public statements in the name of Paradyne, the Individual Defendants were and are controlling persons, and had the power and influence to cause (and did cause) Paradyne to engage in the unlawful conduct complained of herein." Therefore, the Court finds that Plaintiffs have sufficiently pled a claim of relief under Section 20(a) of the Exchange Act against the Individual Defendants, and the Defendants' Motion to Dismiss must be denied.

Accordingly, it is

**ORDERED** that Defendant's Motion to Dismiss Plaintiffs' Consolidated Amended Class Complaint (Dkt. No. 30) be **DENIED;** and Defendants' Request for Oral Argument be **DENIED.**